IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| DREAGLEN DAVIS #1271774 | § | |
| v. | § | CIVIL ACTION NO. 6:10cv646 |
| CHAIRMAN, TEXAS BOARD OF CORRECTIONS, ET AL. | § | |

### MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND ENTERING FINAL JUDGMENT

The Order of Dismissal entered on June 30, 2011 (docket no. 28) is hereby WITHDRAWN and the following is substituted therefor.

The Plaintiff Dreaglen Davis, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

An evidentiary hearing was conducted on May 19, 2011. At this hearing and in his complaint, Davis complained that strip searches in the prison are conducted in full view of female officers. He said that the female officers were providing security for the searches and thereby "participating" in them, and that female officers worked in the shower and were able to view male inmates showering. Davis said that he was suing because of the policy, and that he believed that prison policy should provide that female officers cannot view naked male inmates except in case of emergency.

After review of the pleadings and testimony, the Magistrate Judge issued a Report on May 27, 2011, recommending that the lawsuit be dismissed. The Magistrate Judge cited previous Fifth

1

Circuit cases in determining that the fact that female guards are present while a strip search of a male inmate is conducted, or the fact that female guards are able to view male inmates showering, do not amount to constitutional violations. The Magistrate Judge further stated that the policies challenged have been upheld by the Fifth Circuit, and that Davis himself has previously filed a lawsuit raising this same issue, which lawsuit was dismissed on summary judgment and the dismissal upheld by the Fifth Circuit. Davis v. Texas Board of Criminal Justice, slip op. no. 09-40756 (5th Cir., April 8, 2010). Finally, the Magistrate Judge observed that Davis did not claim, and did not show, that he had actually been strip searched by a female officer in a non-emergency situation, but simply challenged the policies which permitted female officers to view male inmates showering and to be in the vicinity while male inmates were being strip searched. The Magistrate Judge recommended that Davis' lawsuit be dismissed as frivolous and that Davis be warned that the continued filing of frivolous lawsuits could lead to the imposition of sanctions.

Davis filed untimely objections to the Magistrate Judge's Report on June 29, 2011. Although these objections were untimely, they will be considered in the interest of justice. In his objections, Davis cites Hutchins v. McDaniels. 512 F.3d 193 (5th Cir. 2007) and Thompkins v. Belt. 828 F.2d 298 (5th Cir. 1987). He says that Hutchins held that searches be conducted in a manner which is reasonable under the circumstances, and that a strip search can rise to the level of a Fourth Amendment violation.

Davis says that in the instances of which he complains, the female guards were "accomplices" of the search. He says that Captain Brown told him to strip in the entry way of the shower, and again complains that she was able to observe him naked in the shower. Davis argues that prisoners have a right to bodily privacy and says that the supervisors he sued are liable because of the policies which he challenges.

Hutchins did not involve a cross-gender search. Rather, it involved a male officer who conducted a strip search by ordering the inmate to lean against a wall and stick his buttocks out as far as possible, and spread his legs wide. The officer then ordered the inmate to step back, lift one

2

leg up, hop on one foot, switch legs, and hop in the opposite direction, for a total distance of about 30 feet. The inmate protested that he could not do this because of a back injury and ankle problems, but the officer, wearing a "lewd smile," required him to comply. This all was done in full view of a number of other prisoners as well as a female guard. The Fifth Circuit held that this search was unreasonable and thus violated the Fourth Amendment.

Davis has shown nothing comparable to the facts in Hutchins. Instead, his claim is based on the theory that strip searches carried out in the presence of female officers are unreasonable *per se*, a theory which has never been adopted by the Fifth Circuit. As the Magistrate Judge correctly concluded, a strip search which is *conducted* by a female officer, in a non-emergency situation, could be unreasonable *per se*, but Davis has made no such allegation. His citation to Hutchins is unavailing.

Although Davis asserts that Captain Brown ordered him to undress in the shower, this by itself does not show a constitutionally unreasonable search; he does not allege that Brown searched him at all, but only that she told him to undress as he stood in the entryway of the shower. As noted above, there is no constitutional violation when female officers observe naked male inmates in the shower. The Magistrate Judge properly determined that the prison's strip search policies have been upheld by the Fifth Circuit as reasonably related to the legitimate penological interests of ensuring and maintaining security. Davis has failed to show any violations of the prison's policies, nor that he has been subjected to unreasonable searches as defined in Hutchins and in Moore v. Carwell, 168 F.3d 234, 237 (5th Cir. 1999). Davis' objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings and testimony in this case, the Report of the Magistrate Judge, and the Plaintiff's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Plaintiff's objections are without merit. It is accordingly

ORDERED that the Plaintiff's objections are overruled and the Report of the Magistrate Judge (docket no. 27) is hereby ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled civil action be and hereby is DISMISSED with prejudice as frivolous or for failure to state a claim upon which relief may be granted. It is further

ORDERED that any and all motions which may be pending in this action are hereby DENIED. Finally, it is

ORDERED that a copy of this order be sent to the Administrator of the Strikes List for the Eastern District of Texas.

**SIGNED this 6th day of July, 2011.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE